UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA BROOKS, | |
|     Plaintiff, | No. C 09-2835 PJH |
|     v. | **ORDER GRANTING MOTION TO DISMISS** |
| STATE OF CALIFORNIA PERSONNEL BOARD, | |
|     Defendant. _____/ | |

    The motion of defendant State of California Personnel Board ("SPB") to dismiss the above-entitled action for failure to state a claim came on for hearing before this court on August 26, 2009. Plaintiff Olga Brooks appeared in propria persona. SPB appeared by its counsel Deputy California Attorney General Allison R. Ross. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows and for the reasons stated at the hearing.

    Plaintiff, a 48-year-old African-American woman, filed this action on June 24, 2009. Plaintiff alleges that from April 4, 2008, to the date of the filing of the complaint, she submitted more than 1700 employment applications to SPB, and was not hired for any of those positions. She asserts claims of discriminatory failure to hire, on the basis of age, race, and gender, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"), and Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, et seq. ("Title VII"); and also alleges state law claims of intentional and negligent infliction of emotional distress.

SPB seeks an order dismissing the complaint without leave to amend, arguing that none of plaintiff's causes of action states a claim, and that the deficiencies of the complaint cannot be cured by amendment. Plaintiff filed a written opposition on August 18, 2009, which was 13 days after the date it was required to be filed under the Local Rules of this Court. See Civil L.R. 7-3.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. Id. at 94. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (9th Cir. 2009).

Here, the court finds that plaintiff has failed to state a claim as to any of her causes of action. The claim under the ADEA is barred because state agencies are immune under

the Eleventh Amendment to the United States Constitution for liability under the ADEA. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91 (2000) ("the ADEA's purported abrogation of the States' sovereign immunity is . . . invalid"). Accordingly, leave to amend this claim would also be futile, as there is no possibility that plaintiff can state an ADEA claim against the State of California or any of its agencies.

The claim under Title VII also fails. As the court stated at the hearing, however, the dismissal of the Title VII claim is with leave to amend. As an initial matter, the court notes that plaintiff has not alleged exhaustion of administrative remedies. Before bringing a civil action under Title VII, a plaintiff must file a timely administrative charge with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter. 42 U.S.C. § 2000e-5(b), (f)(1); see Surrell v. California Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008).

In her opposition to the motion, plaintiff asserts that she filed timely administrative charges with the EEOC and the California Department of Fair Employment and Housing, and received right-to-sue notices from each agency. Accordingly, plaintiff must allege exhaustion of administrative remedies in her amended complaint, and must attach copies of her right-to-sue notice(s).

A plaintiff may establish a violation of Title VII by proving disparate treatment, disparate impact, or the existence of a hostile work environment. See, e.g., Sischo-Nownejad v. Merced Comm. Coll. Dist., 934 F.2d 1104, 1109 (9th Cir. 1991). Although the allegations in the complaint are not entirely clear, plaintiff stated at the hearing that she is proceeding on both a theory of disparate treatment and a theory of disparate treatment.

A plaintiff alleging disparate treatment must allege facts showing intentional discrimination. She must show that the employer intentionally treats some people less favorably than others because of their race, color, religion, sex, or national origin. International Bhd of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977).

By contrast, a disparate impact claim does not require proof of discriminatory intent.

Instead, it attacks employment practices that are "fair in form, but discriminatory in operation." Griggs v. Duke Power Co., 401 U.S. 424, 431 (1971); see also International Bhd. of Teamsters, 431 U.S. at 335 n.15 (claims of disparate impact "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity"). Thus, to state a claim for disparate impact under Title VII, a plaintiff must allege facts showing that a business practice, neutral on its face, has a substantial adverse impact on a group protected by Title VII. Griggs, 401 U.S. at 431; see also Lowe v. City of Monrovia, 775 F.2d 998, 1004 (9th Cir. 1985).

To allege a claim under Title VII, a plaintiff must also allege discrimination by an "employer." 42 U.S.C. § 2000e-2(a); see also 42 U.S.C. § 2000e(b) (defining "employer" as "a person engaged in an industry affecting commerce, who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year").

Here, to the extent that plaintiff is alleging a claim of discriminatory failure to hire against SPB, based on hiring decisions made by another California agency, the disparate treatment claim will be barred because it does not allege a claim against an "employer." Plaintiff must clarify in her amended complaint either that she applied for employment with the SPB (not another California state agency) and was not hired because of intentional discrimination based on one of the protected characteristics; or that she applied for a job with another California state agency, for which the hiring decision was made by SPB, and was not hired because of intentional discrimination.

With regard to the disparate impact claim, plaintiff must allege in her amended complaint that SPB employed a facially neutral practice – which plaintiff must identify – which in fact resulted in discrimination against all members of a particular protected class – which plaintiff must also identify.

Finally, the claims for intentional and negligent infliction of emotional distress fail because plaintiff has not alleged compliance with the California Tort Claims Act, Cal. Gov't

Code §§ 900, et seq. ("CTCA").  Moreover, amendment of the state law claims would be futile because under the CTCA, all governmental tort liability must be based on solely on statute.  <u>Zelig v. County of Los Angeles</u>, 27 Cal. 4th 1112, 1131 (2002) (citing Cal. Gov't Code § 815).  The common law tort claims of intentional and negligent infliction of emotional distress are not based on statute, and are therefore barred under the CTCA.

        The amended complaint must be filed no later than September 25, 2009.  Plaintiff may amend only the Title VII claim, and may not include any additional claims.

**IT IS SO ORDERED.**

Dated:  August 26, 2009

PHYLLIS J. HAMILTON
United States District Judge